STUART, Justice
(dissenting).
I concur with Justice Smith’s dissent; I offer the following additional observations. The majority remands this case for the juvenile court to reconsider whether there are any viable alternatives to terminating T.V.’s parental rights,[7] including allowing N.V. to remain in the custody of B.S. and her husband with T.V.’s having visitation rights. I have reviewed the record; I conclude that the juvenile court has considered the alternatives, including the option the majority appears to advocate, and has found no alternative to be viable. This finding is supported by clear and convincing evidence. I believe this Court is asking the juvenile court to do what it has already done. Therefore, I respectfully dissent.
In its written order, the juvenile court stated:
“No expert was called to explain away the possibly devastating consequences to this five-year-old child upon finding out that his family was not really his family and he would have to go live with strangers who lived in the same town with him but didn’t really try to develop a relationship with him for five years.”
The majority apparently reads this statement as indicating that the juvenile court did not consider all alternatives. Unlike the majority, I read this statement to mean that the juvenile court did consider the alternative of having custody remain with B.S. and her husband and T.V.’s having visitation rights. (T.V. has indicated that although she seeks visitation now, she will seek custody in the future.) The juvenile court, however, rejected this alternative because, in light of T.V.’s conduct throughout N.V.’s life, this alternative was not in N.V.’s best interest. This finding is supported by clear and convincing evidence.
Pursuant to mandatory federal statutes, like the Adoption and Safe Families Act (“the ASFA”), see 42 U.S.C. § 620 et seq., and the Social Security Act, § 471, states have spent decades pursuing “reasonable efforts to reunite children with their families.” This pursuit of the reunification of children and their families extended for unlimited periods and reached unreasonable degrees at the expense of the children, often resulting in extremely negative consequences for children, including, but not limited to, “foster care drift,” where children move from one foster home to another, and attachment disorders, where children are incapable of emotional attachment to another human being. In 1997, the federal government recognized the harm such requirements were causing the children and modified the ASFA to place equal or greater emphasis on a child’s safety and permanence when a court or an agency is determining what is in the best interests of the child. Social Security Act, § 471, as amended, 42 U.S.C. § 671.
The “best interest of the child” is always of paramount importance in cases involving child custody and the termination of parental rights. In making such a deter *12 mination, the court or the agency determining the best interest of the child must give great weight to the stability, security, and permanency of the relationship between the child and the child’s caregiver. As the Nebraska Supreme Court has held:
“[W]here a parent is unable or unwilling to rehabilitate himself or herself within a reasonable time, the best interests of the child require termination of the parental rights. In re Interest of Joshua M. et al., 251 Neb. 614, 558 N.W.2d 548 (1997).... The concept of permanency is not simply a ‘buzzword,’ as [the mother] contends, but, rather, a recognition that when there is no reasonable expectation that a natural parent will fulfill his or her responsibility to a child, the child should be given an opportunity to live with an adult who has demonstrated a willingness and ability to assume that responsibility and has a permanent legal obligation to do so.”
In re Sunshine A., 258 Neb. 148, 158, 602 N.W.2d 452, 460 (1999).
The juvenile court recognized that stability, security, and permanency are in the best interests of all children, and in particular, of N.V.; this Court should likewise recognize the importance of stability, security, and permanency in determining what is in the best interest of children and particularly what is in the best interest of N.V. Therefore, I dissent.
BOLIN, J., concurs.

. I have written previously concerning the lack of a statutory basis for this requirement and the fact that it is 'judge-made” law. See Ex parte F.P., 857 So.2d 125, 139 (Ala.2003) (Stuart, J., dissenting).